**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| DAVID J. SHERIDAN, *et al.*, | : | Case No. 3:26-cv-00113 |
| | : | |
| Plaintiffs, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MENARD, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

### REPORT AND RECOMMENDATION

---

The undersigned Magistrate Judge issues this Report and Recommendation after reviewing the Response to the Order to Show Cause filed by Defendant Menard, Inc. ("Menards"). (Response, Doc. No. 11). The undersigned concludes that Menards has not shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Miami County Common Pleas Court due to a lack of subject-matter jurisdiction.

### I.      BACKGROUND

This dispute arose from injuries that Plaintiff David Sheridan allegedly sustained on March 3, 2024, while shopping at a Menards store in Tipp City, Ohio. (Complaint, Doc. No. 3 at PageID 23.) Plaintiffs David Sheridan and Martha Sheridan claim that while Mr. Sheridan was pulling plywood from its placement, a Menards employee moved other product and caused Mr. Sheridan to fall. (*Id.*) Plaintiffs filed this negligence action in the Miami County Common Pleas Court, alleging that Menards' acts or omissions

caused Mr. Sheridan to suffer permanent injuries, scarring and disfigurement, pain and suffering, discomfort, medical expenses ("including X-rays, hospital and treatment expenses"), and psychological trauma. (*Id.* at PageID 24.) Plaintiffs also allege that Ms. Sheridan suffered loss of consortium. (*Id.*) Plaintiffs seek damages "in an amount in excess of Twenty-Five Thousand Dollars and 00/100 ($25,000.00) for each Plaintiff," plus interest, attorney fees, costs of litigation, and other relief. (*Id.* at PageID 25.)

Menards removed Plaintiffs' lawsuit from the Miami County Court of Common Pleas to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) After reviewing the Notice of Removal, the undersigned issued an Order to Show Cause as to why this action should not be remanded to state court for lack of subject-matter jurisdiction. (Order to Show Cause, Doc. No. 8.) In its Response, Menards argued that the $75,000 amount-in-controversy requirement is met by Plaintiffs' refusal to stipulate that they will not seek more than that amount, Plaintiffs' allegations in the Complaint about their injuries and claimed damages, and two jury verdicts involving vertebral fractures. (Doc. No. 11 at PageID 47-50.) Menards further argues that if the Court does remand the case, then the Court should find as a matter of law that Plaintiffs' claims are not worth more than $75,000. (*Id.* at PageID 48.)

## II.     LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute ... , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Therefore, this Court has a duty to review *sua sponte* whether

subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Under 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Where, as here, a case is removed from state court based upon diversity jurisdiction, the Sixth Circuit "places a burden on [the removing] defendant … to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

If the plaintiff seeks a particular amount of damages in the complaint and has a good-faith basis for doing so, then the defendant's burden is relatively light, as the "sum demanded … shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

3

Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *accord Cleveland Housing Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating ***by competent proof*** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). But the Court is not bound by, and should not defer to, a plaintiff's estimation of his damages when determining

4

whether the amount-in-controversy requirement is met. *E.g., Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern*, 424 F. Supp. 3d at 1269 ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

## III.  ANALYSIS

The undersigned concludes that Menards has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the undersigned Magistrate Judge recommends that the District Judge remand this matter to the Miami County Court of Common Pleas for lack of subject-matter jurisdiction.

Menards—as the removing party—bears the burden of proving the jurisdictional amount by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2); *Hayes*, 266 F.3d at 572. It has not met its burden of proof here. Although Plaintiffs' counsel stated that Mr. Sheridan's injuries "can carry significant medical costs, ongoing treatment, and other damages that remain to be fully evaluated" (Exhibit D, April 8 2026 Email Exchange, Doc. No. 11 at PageID 52), such a statement is "not indicative of the monetary value of [Plaintiffs'] claims." *Palmer v. XPO Logistics Inc.,* No. 5:22-247-KKC, 2023 U.S. Dist. LEXIS 126770, at *6-7 (E.D. Ky. July 24, 2023) (noting that "[a]llegations do not constitute evidence" and "vague descriptions such as 'violent,' 'grave,' or 'severe' are

5

not indicative of the monetary value of [the plaintiff's] claims"). Moreover, even if

Plaintiffs believe that their damages exceed $75,000, "defendant provided no quantifiable

evidence of damages—leaving the court with nothing but speculation." *Halsey*, 755 F.

App'x at 528 (citing *Suwala v. Progressive Ins. Co.*, No. 2005-cv-135, 2005 U.S. Dist.

LEXIS 21473, 2005 WL 2076490, *3 (E.D. Ky. Aug. 25, 2005) (remanding the case));

*see Palmer*, 2023 U.S. Dist. LEXIS 126770, at *7 (it "is impermissibly theoretical and

speculative" to base the amount in controversy upon vague allegations of injury).

Menards argues that the amount-in-controversy requirement is met because

Plaintiffs refused to stipulate that their damages do not exceed $75,000. (Response, Doc.

No. 11 at PageID 47-49.) It summarizes an email exchange between counsel as follows:

> In an exercise of caution, defense counsel emailed Plaintiff's counsel—prior
> to removal. (*Id.*). He specifically inquired as to whether Plaintiffs were
> going to limit the amount they sought to less than $75,000. (*Id.*). And,
> noted defense counsel would assume the amount was greater than $75,000
> unless Plaintiff affirmatively stated that he was seeking less than $75,000.
> (*Id.*). Then Plaintiff's counsel responded, but never said he was seeking less
> than $75,000. (*Id.*). Thus, the matter was removed. (*Id.*). After Defendant
> removed the case, Plaintiff responded again indicating that he was not in a
> position to stipulate that the matter is under $75,000. [1] (See attached Ex. D).

(*Id.* at PageID 48 (citing Exhibit D, April 8, 2026 Email Exchange, Doc. No. 11 at

PageID 52).) This argument is not well-taken.

---

[1] Plaintiffs' counsel wrote: "As you know, at this stage in the litigation I am not in a position to stipulate
to a damages cap. His injuries can carry significant medical costs, ongoing treatment, and other damages
that remain to be fully evaluated. It would be premature – and frankly not in my client's interest – to place
an artificial ceiling on recovery before we have a complete picture." (Exhibit D, April 8, 2026 Email
Exchange, Doc. No. 11 at PageID 52.)

It is true that a plaintiff's refusal to agree to such a stipulation can give rise to "an inference" that the plaintiff "thinks his claims may be worth more than $75,000." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 528 (6th Cir. 2018). But such an inference, by itself, is insufficient because the Court is not bound by a plaintiff's estimation of the amount of his damages when determining whether the amount-in-controversy requirement is met. *E.g.*, *Graves*, 2019 U.S. App. LEXIS 27526, at *8-9; *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020) ("the district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

Next, Menards argues that "the amount claimed by the plaintiff controls unless there appears to be a 'legal certainty' that the claim is for less than the jurisdictional amount." (Response, Doc. No. 10 at PageID 47 (quoting *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983)).) It is true, as noted above, that if a plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, then the "sum demanded … shall be deemed to be the amount in controversy" unless it appears to a legal certainty that damages cannot be recovered in that amount. 28 U.S.C. § 1446(c)(2); *Rosen*, 205 F.3d at 921 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. 283). But this proposition does not help Menards because Plaintiffs did not demand an amount in excess of $75,000 in their Complaint.

Menards also argues that "the allegations in the Complaint support the notion that Plaintiff is seeking damages greater than $75,000." (Response, Doc. No. 11 at PageID 49.) Menards points to Plaintiff David Sheridan's alleged vertebrae fracture and lists the

types of damages alleged, such as "[m]edical expenses including x-rays and hospital treatment." Defendant contends: "Simply put, Plaintiff alleges permanent injuries causing both physical and emotional pain—with medical bills. … Given the significant nature of the alleged injury as well as the extensive list of damages here, Plaintiff's damages *could* exceed $75,000." (*Id.* (emphasis added)).

Menard's use of the word "could" is instructive. As the party seeking to invoke this Court's subject-matter jurisdiction, Menards cannot rely upon speculation to argue that the amount-in-controversy *could* be met. Instead, Menards must demonstrate by a preponderance of the evidence that it *has* been met.

The only evidence that Menards points to consists of two jury verdicts that awarded more than $75,000 to plaintiffs who suffered vertebral fractures. (Response, Doc. No. 11 at PageID 50.) In the first case, a jury awarded $176,414 to a plaintiff who suffered fractured vertebrae in an automobile accident. *Welsch, Charles & Sharon v. Quick Delivery Co. of Kentucky, Inc.* Hamilton Cty. Case No. A 8902511, 1990 Jury Verdicts LEXIS 63750 (Nov. 1990) There is no information about the severity of his injuries. In the second case, a jury awarded $250,000 to a plaintiff who suffered "c2 vertebrae facture in neck" after being involved in an automobile accident. *Tackett v. Rafferty*, Cuyahoga Cty. Case No. CV254303, 1995 Jury Verdicts LEXIS 51918 (Feb. 1995). Again, there is no information about the severity of his injuries.

These two verdicts are insufficient to carry Menards' burden of proof. Without more information, they show only that *some* vertebral-fracture cases have resulted in awards above $75,000. Other vertebral-fracture verdicts have resulted in lower awards.

8

*E.g., Bailey v. Charles Allbery Estate*, Montgomery Cty. Case No. 90-CVA-4668, 1992 Jury Verdicts LEXIS 93091 (Apr. 1992) (awarding $25,500 to plaintiff who suffered cervical vertebrae fracture in an automobile accident); *Clearwater v. Orwig*, Trumbull Cty. Case No. 90-CV-1838, 1992 Jury Verdicts LEXIS 45062 (Mar. 1992) (awarding $63,000 to plaintiff who fell through a hole negligently covered during a remodeling project, fracturing vertebra). Moreover, both of the verdicts cited by Menards involved automobile accidents, which could reasonably be expected to produce more significant injuries than the type of accident at issue here. These verdicts do not show it is more likely than not that Plaintiffs' damages exceed $75,000.

Simply put, Menards has not provided any evidence to quantify the value of the claimed injuries or treatment. Absent such evidence, the undersigned cannot find by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See, e.g., Diaz v. Allstate Northbrook Indem. Co.*, No. 22-cv-705-MMA (WVG), 2022 U.S. Dist. LEXIS 159626, *15 (S.D. Cal. Sept. 2, 2022) (holding that plaintiff's complaint was not removable where noneconomic damages were only generally pled and omitted supporting details); *Casiano v. Wal-Mart Stores E., LP*, No. 2:24-cv-0005-SPC-NPM, 2024 U.S. Dist. LEXIS 61886, at *3 (M.D. Fla. Apr. 4, 2024) ("any suggestion that the jurisdictional amount would be met by the surgery was purely speculative at this time absent some quantifiable information about its cost").

Finally, Menards argues that if the Court remands this case, "it should make an express finding that the value of this case is—to a 'legal certainty'—less than $75,000." (Response, Doc. No. 11 at PageID 48.) This argument is not well-taken, either legally or

factually. It is Menards' burden to prove that the amount-in-controversy exceeds $75,000. Its failure to do so does not constitute proof that the amount-in-controversy is below that amount. Moreover, because this Court lacks subject-matter jurisdiction over this case, it cannot make any determination on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## IV.     CONCLUSION

For the reasons stated above, the undersigned concludes that Defendant Menards has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case— then remand is required. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8. Accordingly, the undersigned recommends that this matter be remanded to the Court of Common Pleas of Miami County, Ohio.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge


Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the

methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).